UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAUWAI FARHA,

    Plaintiff,

v.

T. FOSS, et al.,

    Defendants.

Case No. 19-cv-05472-YGR (PR)

**ORDER DISMISSING CERTAIN CLAIMS WITHOUT PREJUDICE TO FILING IN THE EASTERN DISTRICT; DISMISSING REMAINING CLAIMS WITH LEAVE TO AMEND; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the R. J. Donovan Correctional Facility ("RJDCF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations that took place when he was previously incarcerated at Salinas Valley State Prison ("SVSP") and High Desert State Prison ("HDSP"). *See* Dkt. 1 at 3-4.[1] However, he does not elaborate on the time-frame of when such violations took place or whether Defendants are from SVSP or HDSP. *See id.* Plaintiff has filed an *in forma pauperis* application, which will be granted in a separate written Order. He also requests for appointment of counsel. Dkt. 1 at 3.

Venue is proper because the events giving rise to some of the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants, who could be from either SVSP or HDSP: Acting Warden Tammatha Foss; Plumber M. Johnson; Supervisor of Building Trades J. Frailey; Associate Warden H. Wagner; ADA Coordinator R. St. Andre; and "John Does." Dkt. 1 at 1-2. Plaintiff seeks monetary damages. *Id.* at 3.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**III. LEGAL CLAIMS**

    **A. Claims Against Defendants at HDSP**

Plaintiff seems to be complaining of various problems during his incarceration at HDSP,

2

which is where he was incarcerated prior to his transfer to SVSP. *See* Dkt. 1 at 3-4. Because HDSP is located within the venue of the Eastern District of California, any such claims are DISMISSED without prejudice to Plaintiff refiling them in a new civil rights action in the United States District Court for the Eastern District of California. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal on venue grounds without prejudice).

### B. Remaining Claims Against Defendants at SVSP

When Plaintiff filed this complaint, he was incarcerated at SVSP and alleged that his cell was "constantly" flooded by "human waste and other unsanitary and hazardous materials." Dkt. 1 at 3. He alleges that it was unhealthy to have to clean the cell without gloves. *Id.* He filed several inmate appeals, which were met with threats and hostility. *Id.* As mentioned above, the Court notes that some of the events occurred at HDSP. *Id.* However, Plaintiff alleges that "[Defendant] Warden T. Foss [from] HDSP and SVSP[2] sent directions to all maintenance dep[artments] to do emergency repairs," which thereby indicates that some cell flooding events may have occurred at SVSP. *Id.* Plaintiff also attempts to allege an Americans With Disability Act ("ADA") claim, although the nature of that claim is unclear. *Id.* at 4.

First, the ADA claim is dismissed with leave to amend because (a) none of the defendants appear to be proper defendants for an ADA claim and (b) no coherent ADA theory of relief is stated. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a state official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). Therefore, his ADA claim is DISMISSED with leave to amend.

Next, the Court finds that Plaintiff's allegations against Defendant Foss fail to state a claim, and as such the complaint against her is DISMISSED with leave to amend. As explained above, the complaint does not allege wrongdoing by Defendant Foss. Instead, the complaint indicates she tried to fix the problem as she directed the maintenance department to "do

---

[2] Defendant Foss was the acting warden at SVSP from 2018 to October 2019. Prior to that, she was chief deputy warden at HDSP from 2016 to 2018. In October 2019, she was appointed associate director of reception centers in the Division of Adult Institutions at the California Department of Corrections and Rehabilitation.

3

emergency repairs." *See id* at 3.

As to the remaining Defendants, it is not clear whether these Defendants are from HDSP or SVSP. The claims against Defendants regarding events and omissions occurring at HDSP are not properly joined with the claim against the other Defendants regarding events and omissions occurring at SVSP. *See* Fed. R. Civ. P. 20(a)(2). As explained above, any claims against Defendants involved in the wrongs at HDSP have been dismissed without prejudice to Plaintiff filing a separate action in the right venue. Thus, the complaint is dismissed with leave to amend so that the Court can determine which Defendants belong to which claims.

The only named Defendant who seems to be linked to any claims at SVSP is Defendant Foss, the former acting warden at SVSP. However, Plaintiff is cautioned that naming the acting warden alone is not sufficient. There is no respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 675-84.

In his amended complaint, Plaintiff must allege facts sufficient to show that the named Defendants' actions rise to the level of constitutional violations. As mentioned above, Plaintiff is attempting to hold five named Defendants and "John Does" liable for the claims in his complaint; therefore, he must allege facts showing what each defendant did that violated his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; the plaintiff must instead set forth specific facts as to each individual defendant's actions which violated his or her rights). In addition to specifying which Defendant is from HDSP or SVSP, Plaintiff also must provide dates, times, places, and allegations that plausibly establish liability.

Finally, Plaintiff sues "John Does," whose names he intends to learn through discovery.

4

Dkt. 1 at 1. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Should Plaintiff learn these Doe Defendants' identities through discovery, Plaintiff should add them as a named defendants in this action or in the Eastern District action if involving claims relating to HDSP. *See Brass v. Cnty. of L.A.*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

In sum, the Court will allow Plaintiff leave to prepare a proper amended complaint that is consistent with federal pleading standards. Plaintiff is advised that for each claim, he must, to the best of his ability, specifically identify each Defendant, and specify what constitutional right he believes each Defendant has violated. Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability. A person deprives another of a constitutional right within the meaning of 42 U.S.C. § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff is reminded that his claims must be set forth in short and plain terms, simply, concisely and directly pursuant to Federal Rule of Civil Procedure 8 or risk dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). If Plaintiff fails to comply with these straightforward pleading requirements, the Court will dismiss Plaintiff's proposed amended complaint. *See id.*

**IV.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## V. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims relating to all problems during his incarceration at HDSP are DISMISSED WITHOUT PREJUDICE to Plaintiff refiling them in a new civil rights action in the United States District Court for the Eastern District of California.

2. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The amended complaint must include the caption and civil case number used in this Order (C 19-5472 YGR (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the amended complaint all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **Failure to amend within the designated time and in accordance with this Order will result in the dismissal of this action.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. Plaintiff's motion for appointment of counsel is DENIED. Dkt. 1 at 3.

5. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: January 15, 2020

YVONNE GONZALEZ ROGERS
United States District Judge