UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUWAI FARHA,<br>        Plaintiff,<br>     v.<br>M. JOHNSON, et al.,<br>        Defendants. | Case No. 19-cv-05472-YGR (PR)<br><br>**ORDER OF TRANSFER** |

Plaintiff, who is currently being held at Salinas Valley State Prison ("SVSP") in Soledad, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 8. In his original complaint, Plaintiff had named the following Defendants, who could be from either SVSP or High Desert State Prison ("HDSP"): Former Acting Warden Tammatha Foss; Plumber M. Johnson; Supervisor of Building Trades J. Frailey; Associate Warden H. Wagner; ADA Coordinator R. St. Andre; and "John Does." *See* Dkt. 1 at 1-2. Plaintiff had alleged constitutional violations that took place at SVSP and also at HDSP, where he was previously incarcerated. *See id.* at 3-4. However, Plaintiff had failed to elaborate on the time-frame of when such violations took place or whether Defendants were from SVSP or HDSP. *See id.*

In an Order dated January 15, 2020, the Court dismissed the complaint with leave to amend for Plaintiff to correct these deficiencies, among others. *See* Dkt. 9. As mentioned, Plaintiff seemed to be, in part, complaining of various problems during his incarceration at HDSP, which was where he was incarcerated prior to his transfer to SVSP. *See id.* at 2-3. Because HDSP is located within the venue of the Eastern District of California, the Court dismissed any such claims without prejudice to Plaintiff refiling them in a new civil rights action in the United States District Court for the Eastern District of California. *Id.* at 3 (citing *In re Hall*, 939 F.2d 802, 804

1  (9th Cir. 1991) (dismissal on venue grounds without prejudice)). And, as to the remaining claims
2  relating to Plaintiff's incarceration at SVSP, the Court instructed him to "allege facts sufficient to
3  show that the named Defendants' actions r[ose] to the level of constitutional violations." *Id.* at 4.
4  The Court further dismissed with leave to amend all claims against Defendant Foss, who was the
5  former acting warden at SVSP and "[t]he only named Defendant who seem[ed] to be linked to any
6  claims at SVSP" because there is no respondeat superior liability under section 1983. *Id.* (citing
7  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Thereafter, Plaintiff filed his amended complaint. Dkt. 13. The amended complaint now indicates that the "events described in this [amended] complaint" occurred at HDSP, and that the remaining named defendants, Defendants Johnson and Frailey,[1] were "employees at HDSP" during the relevant time frame. *Id.* at 8.[2]

Because the acts complained of occurred in HDSP, which lies within the venue of the Eastern District of California, *see* 28 U.S.C. § 84(d), venue properly lies in that district and not in this one, *see* 28 U.S.C. § 1391(b). Accordingly, this case is TRANSFERRED to the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1406(a).

The Clerk of the Court shall terminate all pending motions as no longer pending in this district and shall transfer the entire file to the Eastern District of California.

IT IS SO ORDERED.

Dated: October 30, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] The Court notes that Plaintiff included Defendant Foss in the caption of his amended complaint, but Plaintiff did not list Defendant Foss as a named defendant in the body of the amended complaint. *Compare* Dkt. 13 at 1 *with* Dkt. 13 at 8.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2